

PROB 12A
(Rev 08/10)

# UNITED STATES DISTRICT COURT
## for
### Eastern District of Wisconsin

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2010 SEP 14 A [illegible]
JON W. SANFILIPPO

### Report on Offender Under Supervision

Name of Offender: Shante Douglas Alford     Case Number: 0757 2:00CR00072 - 1

Name of Sentencing Judicial Officer: U.S. District Judge Lynn S. Adelman

Date of Original Sentencing: 09/19/2000

Original Offense: Count One-Armed Bank Robbery. Count Two-Brandishing a Firearm in Relation to a Crime of Violence

Original Sentence: Count One - 46 months imprisonment. Count Two - 84 months imprisonment, consecutive for a total of 130 months. Five years supervised release each count, concurrent, for a total of five years. $200.00 special assessment; $2,167.00 restitution

Type of Supervision: Supervised Release     Date Supervision Commenced: 12/24/2009

## NONCOMPLIANCE SUMMARY

The offender has not complied with the following conditions(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | Failure to work regularly at a lawful occupation. |

On 9/5/09, while Mr. Alford was at Parsons House, he obtained part-time employment at Checkers. He was terminated on 4/24/10 for being late and not dressed properly for work. Since that time, Mr. Alford has been seeking work through area temporary service agencies as well as U. S. Probation Office initiatives, but other than occasional temporary employment, he has not obtained permanent employment.

On 7/26/10, Mr. Alford was to attend the U. S. Probation Office's "Makin' It Work" program as well as the associated resume preparation class at Word of Hope. Mr. Alford did not receive the referral letter as he had moved, which he thought he had told me about. When the letter was returned, I called Mr. Alford on 7/26/10, but he said he was unable to attend on short notice. Another "Makin' It Work" program will be offered in November or December 2010. In the interim, Mr. Alford was referred to the bi-monthly Job Club held in the probation office. He did not report for the 8/24/10 Job Club.

2.     Failure to participate in alcohol and drug abuse testing and counseling as directed.

Mr. Alford failed to report to Genesis for random urine testing on 4/27/10, 5/7/10, 5/15/10, 5/25/10, 6/18/10, 7/6/10, 7/28/10, and 8/4/10. Samples collected prior and subsequent to those dates were negative.
Mr. Alford was able to pay for telephone service sporadically and said he had difficulty calling for the recorded message. Mr. Alford has also not attended counseling with Dr. Sheryl Dolezal as directed since the commencement of his supervised release. Mr. Alford reported he was having difficulty making contact to schedule an appointment.

3.     Failure to pay restitution at a rate of no less than $50.00 per month.

While imprisoned, Mr. Alford paid his $200.00 Special Assessment in full and has paid $1,697.93 toward restitution. He owes a balance of $469.17. Due to being unemployed and not having income, he has not made restitution payments while on supervised release.

4. Participate in a mental health treatment program and take any and all prescribed medications as directed by the treatment provider and participate in any psychological/psychiatric evaluation and counseling as directed by the probation officer.

Mr. Alford participated in individual psychotherapy as part of his Bureau of Prisons prerelease services. His last session occurred on 1/17/10. Since his release, he was scheduled to attend a session in March 2010 which he failed to do. A follow-up appointment was scheduled in April 2010 for which he did not report. Despite repeated reminders, he has not attended counseling.

**U. S. Probation Officer Action:**
We will continue to assist Mr. Alford with his employment search as, with employment and the associated income, Mr. Alford believes he will be able to fully comply with the conditions of his supervised release. To that end, he has failed to take advantage of the U. S. Probation Office offered programming as well as community based employment assistance programs. We will continue to work closely with him and area agencies to help him obtain employment. We will increase his reporting to weekly to closely monitor his job search efforts. Consequently, we are not seeking a judicial intervention at this time, but wished to advise the Court of the status of this case. Should Mr. Alford continue to resist or miss appointments designed to help him find employment, we will request the Court implement a Residential Reentry Center condition to provide additional structure which may be needed for Mr. Alford to focus on obtaining employment. Assistant U. S. Attorney William J. Lipscomb concurs with this recommendation.

Respectfully submitted,

Frederic T. Robinson
U. S. Probation Officer

09/08/2010
Date

FTR/rjs

**THE COURT ORDERS:**

[x] No Action. Judge concurs with officer's Action.

[ ] Submit a Request for Modifying the Condition or Term of Supervision.

[ ] Submit a Request for Warrant Summons.

[ ] Other

Lynn S. Adelman
U. S. District Judge

Date